UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARCUS ANDERSON,

Plaintiff,

v. Case No. 26-cv-966-pp

JANE DOE 1, 2, 3, *et al.*,

Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 4) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

Plaintiff Marcus Anderson, who is incarcerated at Stanley Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 4, and screens his complaint, dkt. no. 1.

## I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 4)

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On June 15, 2026, the court ordered the plaintiff to pay an initial partial filing fee of $23.83. Dkt. No. 9. The court received that fee on June 23, 2026. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter C'nty Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. C'nty of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff alleges that on February 22, 2026, when he returned to his cell at Columbia Correctional Institution, defendant Officer Jessica Bloxham slammed a "200 plus pound metal door" on his hand and then "yelled to open the door[.]" Dkt. No. 1 at ¶¶5, 7-8. The plaintiff states that this caused him a significant amount of pain. Id. at ¶5. After the incident, the plaintiff allegedly complied with Bloxham's direction to return to his cell and place his hand in ice. Id. at ¶¶9-10.

The plaintiff states that after the door slammed on his hand, it began to swell immediately and he asked for medical attention, but it took about two

hours before he received any medical attention. Id. at ¶7. He asserts that the nurse who arrived at the unit about two hours after the incident said that the plaintiff's finger now was bent at an angle and that he should have received "immediate" medical treatment at a hospital. Id.

The plaintiff alleges that Doe #1 (who he says may be a health services unit supervisor, the warden or other supervisor) is responsible for ensuring that individuals incarcerated at Columbia are provided healthcare for injuries. Id. at ¶6. Doe #1 allegedly did not ensure that Columbia staff were trained or equipped to properly respond to injuries. Id.

The plaintiff states that Doe #2 and Bloxham failed to provide him with access to medical treatment which has resulted in the permanent disfigurement of his finger. Id. at ¶11. He says that he should have been sent to the emergency room and that he suffered for hours and is still suffering because the defendants refused to provide access to medical treatment. Id. The plaintiff states that he begged for hours for medical attention and the defendants acted with callous disregard to his condition. Id. at ¶12.

The plaintiff states that he is a journeyman electrician by trade, which requires him to work with his hands. Id. at ¶9. He says that he doesn't have the same grip control over his hand, cannot fully hold an object without dropping it, no longer has the same range of motion in his hand and cannot straighten his hand. Id.

The plaintiff claims that the defendants violated his right to receive basic medical care. Id. at ¶13. For relief, he seeks compensatory and punitive damages. Id. at ¶14.

C. Analysis

A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when he or she acts with deliberate indifference to the serious medical need of an incarcerated individual. Cesal v. Moats, 851 F.3d 714, 720-21 (7th Cir. 2017) (citing Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)). To state a claim for deliberate indifference for deficient medical care, the plaintiff "must allege an objectively serious medical condition and an official's deliberate indifference to that condition." Id. at 721 (quoting Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

An objectively serious medical need is one that has either been diagnosed by a physician and demands treatment or is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id. (quoting King v. Kramer, 680 F.3d 1013, 1018 (7th Cir. 2012)). The deliberate indifference standard is subjective and requires a plaintiff to allege that the official knew of, but disregarded, a substantial risk to the individual's health. Id. (citing Farmer v. Brennan, 511 U.S. 825, 836-38 (1994); Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005)).

The plaintiff alleges that after Bloxham slammed his hand in the door, Bloxham and Doe #2 denied him medical care for two hours during which time

he suffered in severe pain and begged for care.[1] Although the two hours the plaintiff had to wait for medical care is not a very long time, at this stage the court will allow the plaintiff to proceed on an Eighth Amendment claim against Bloxham and Doe #2 in their individual capacities. See Perez v. Fenoglio, 792 F.3d 768, 778 (7th Cir. 2015) (twenty-four-hour delay in treatment for gaping wound and open dislocation); see also Edwards v. Snyder, 478 F.3d 827, 831-32 (7th Cir. 2007) (two-day delay in treatment for open dislocated finger for no medical reason stated claim against prison doctor for deliberate indifference).

The plaintiff alleges that Doe #1, who is the warden or other supervisory official, failed to ensure that Columbia staff were properly trained or equipped to provide medical care for injuries. For §1983 claims, a supervisor is liable for money damages only for his or her own misconduct. Bostic v. Murray, 160 F.4th 831, 840 (7th Cir. 2025) (citing Iqbal, 556 U.S. at 677). The plaintiff has not stated a claim against Doe #1 because he does not allege that Doe #1 caused or participated in the alleged constitutional deprivation. See id. at 841 (citing Milchtein v. Milwaukee County, 42 F.4th 814, 824 (7th Cir. 2022)). The plaintiff cannot maintain an Eighth Amendment failure to train claim against an individual. See Sanville v. McCaughtry, 266 F.3d 724, 739-40 (7th Cir. 2001) (citing Farmer, 511 U.S. at 841). The plaintiff may not proceed against Doe #1.

[1] The plaintiff does not sue Bloxham for slamming the door on his hand. This appears to have been an accident because the plaintiff alleges that after the door closed, Bloxham yelled for it to be opened.

The plaintiff may proceed on an Eighth Amendment medical care claim against Bloxham and Doe #2. The court will dismiss the other Doe defendants. The court also will dismiss defendants Acker and Pierzina because the complaint does not include any allegations against them. After defendant Bloxham files an answer to the complaint and the court issues a scheduling order, the plaintiff will need to use discovery to identify the real name of Doe #2.

## III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 4.

The court **DISMISSES** defendants Jane Doe 1, Jane Doe 3, A. Acker and B. Pierzina.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendant Jessica Bloxham. Under the informal service agreement, the court **ORDERS** that defendant to file a responsive pleading to the complaint within sixty (60) days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$326.17** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the

amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Stanley Correctional Institution, where the plaintiff is confined.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

---

[2] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 18th day of September, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**